# In re CURRENCY CONVERSION FEE ANTITRUST LITIGATION

## No. MDL–1409.

Judicial Panel on Multidistrict Litigation.

Aug. 17, 2001.

Before Wm. Terrell HODGES,[*] Chairman, John F. KEENAN, Morey L. SEAR,[*] Bruce M. SELYA,[*] Julia Smith GIBBONS, D. Lowell JENSEN and J. Frederick MOTZ, Judges of the Panel.

## TRANSFER ORDER

KEENAN, Acting Chairman.

This litigation currently consists of the eleven actions listed on the attached Schedule A and pending in three federal districts as follows: six actions in the Eastern District of Pennsylvania, three actions in the Southern District of New York, and two actions in the Northern District of California.[1] The actions in this litigation challenge the adoption and implementation of alleged foreign currency conversion policies at the two largest credit card networks and the banks issuing the credit cards. Before the Panel are two motions pursuant to 28 U.S.C. § 1407 for coordinated or consolidated pretrial proceedings brought, respectively, by plaintiffs in one Northern District of California action and one Eastern District of Pennsylvania action. These plaintiffs each move for centralization in the respective district in which their action is pending. All responding parties in the actions before the Panel agree that centralization is appropriate, but disagree on choice of transferee district.[2] Responding defendants support centralization in the Southern District of New York, as do plaintiffs in the three actions pending in the Southern District of New York.[3] Plaintiff in one of these actions would also support centralization in the Eastern District of Pennsylvania.

[*] Judges Hodges, Sear, and Selya took no part in the decision of this matter.

1. The parties have notified the Panel of seven other related actions pending in federal court as follows: three in the Northern District of California, two in the Northern District of Illinois, and one each in the Southern District of New York and the Eastern District of Pennsylvania. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

2. An interested party plaintiff in one potential tag-along action pending in the Eastern District of Pennsylvania opposes coordination or consolidation of her action with the actions before the Panel; however, if the Panel orders centralization, this plaintiff would support the Eastern District of Pennsylvania, or, alternatively, the Southern District of New York, as transferee forum.

3. The responding defendants are Visa U.S.A., Inc.; Visa International Service Association; MasterCard International Incorporated; Citigroup Inc.; Citibank (South Dakota) N.A.; Universal Financial Corp.; Universal Bank, N.A.; Citibank (Nevada) N.A.; Citicorp Diners Club Inc.; Bank of America Corporation; Bank of America, N.A. (USA); Bank One Corporation; First USA Bank, N.A.; J.P. Morgan Chase & Co.; Chase Manhattan Bank USA; National Association; The Chase Manhattan Bank; Providian Financial Corp.; Providian National Bank Inc.; Providian Bank; and Household Credit Services, Inc. Certain of these defendants contend that these actions are subject to contractual provisions requiring arbitration or alternative dispute resolution of plaintiffs' claims. These defendants emphasize that by responding to the instant motions, they are not waiving their right to request or compel such arbitration or alternative dispute resolution at an appropriate time.

Interested party plaintiffs in two potential tag-along actions pending in the Northern District of California support centralization in that district, or, alternatively, the Eastern District of Pennsylvania. Interested party plaintiffs in one potential tag-along action in the Northern District of Illinois also responded in support of transfer to the Northern District of California.

On the basis of the papers filed and hearing session held, the Panel finds that the eleven actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share allegations concerning whether defendants conspired to raise, fix, maintain and collect a currency-exchange surcharge; whether they failed to disclose or inadequately disclosed such currency-exchange surcharges; and whether and to what extent such conduct caused injury to plaintiffs and other putative nationwide class members. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

In selecting the Southern District of New York as transferee district, we note that the responding defendants and at least some plaintiffs concur on transfer to this district. Relevant documents and witnesses can be expected to be found in that vicinity because a number of the defendants have a nexus in the Northeastern United States.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable William H. Pauley III for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

## SCHEDULE A

*Northern District of California*

*Leslie Cooper v. Visa U.S.A. Inc., et al.,* C.A. No. 1:01–1396

*Ester Grace Javier, et al. v. Visa U.S.A. Inc., et al.,* C.A. No. 3:01–1377

*Southern District of New York*

*Jeffrey Silberman, et al. v. Visa U.S.A. Inc., et al.,* C.A. No. 1:01–3342

*Donald E. Wood v. Visa U.S.A. Inc., et al.,* C.A. No. 1:01–3617

*Inducon Park Associates, Inc. v. Visa U.S.A. Inc., et al.,* C.A. No. 1:01–3683

*Eastern District of Pennsylvania*

*Robert Ross, et al. v. Visa U.S.A. Inc., et al.,* C.A. No. 2:01–1006

*Joseph C. Chatham v. Visa U.S.A. Inc., et al.,* C.A. No. 2:01–1682

*Andrea Kune v. Visa U.S.A. Inc., et al.,* C.A. No. 2:01–1683

*Jonathan Lipner v. Visa U.S.A. Inc., et al.,* C.A. No. 2:01–1856

*Julie Finkelman v. Visa U.S.A. Inc., et al.,* C.A. No. 2:01–1890

*Howard Steinlauf v. Visa U.S.A. Inc., et al.,* C.A. No. 2:01–1996